UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JONATHAN JONES AKA JONATHAN GILMORE,

              Plaintiff,

         -against-

              REPORT AND RECOMMENDATION
              12 Civ. 5252 (LGS)(KNF)

OBCC DOC/CAPTAIN SPENCER,

              Defendants.
------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/4/2013

TO THE HONORABLE LORNA G. SCHOFIELD, UNITED STATES DISTRICT JUDGE

      On June 6, 2012, plaintiff Jonathan Jones ("Jones"), who was in the custody of the New York City Department of Corrections, commenced this action by delivering a complaint to prison authorities for mailing to the Pro Se Office for this judicial district. On August 9, 2012, the defendants executed a waiver of service. On August 22, 2012, an entry was made on the docket sheet maintained by the Clerk of Court for this action, indicating that an unsuccessful attempt was made to mail a "Notice of Case Assignment/Reassignment" letter to Jones, as it was returned to the court by the United States Postal Service. The defendants filed their answer with the Clerk of Court on November 30, 2012. Thereafter, in a letter dated December 5, 2012, counsel to the defendants advised the Court that Jones had been released from the custody of the New York City Department of Corrections. However, since his release in September 2012, Jones has not advised the court of his current address, as he is required to do. See Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996). As a result, neither the defendants nor the Court has been able to communicate with Jones; thus, this action is at a standstill.

      District courts have the inherent power to dismiss a case sua sponte, for a plaintiff's failure to prosecute, to guard against undue delays in disposing of cases and to manage their calendars. See Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962). Rule 41 of the Federal Rules of Civil Procedure permits a

court, upon motion of the defendant, to dismiss an action involuntarily, when "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).

To determine whether dismissal for failure to prosecute is warranted, a court must examine five factors, specifically, whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

United States ex rel. Drake v. Norden Systems., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted). "No one factor is dispositive"; and the decision whether to dismiss should be made "in light of the record as a whole." Id.

With respect to the first factor, approximately six months have elapsed since the court attempted, unsuccessfully, to communicate with Jones via mail, and the case has been dormant since November 30, 2012, when the defendants filed their answer to Jones' complaint. A delay in advancing this case of approximately four months is not insignificant, and militates in favor of dismissal. The second factor, notice to the plaintiff of the consequences of continued delay, is not applicable in this circumstance because, without a current address for Jones, the Court has no means to communicate with him to advise him of his responsibilities, and to warn him of the prospect of having his complaint dismissed for failure to prosecute. The third factor, prejudice to the defendant(s), also weighs in favor of dismissal because, when a plaintiff has unreasonably delayed the progress of an action, prejudice to the defendant may be presumed. See Lyell Theater Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (citation omitted). The fourth factor, alleviating court calendar congestion, militates in favor of dismissal as well. Due to the

Court's inability to communicate with Jones, it is unable to convene an initial pre-trial conference, formulate a case management plan with the parties, and issue a scheduling order to ensure that an economical and efficient litigation will ensue. See Fed. R. Civ. P. 16. Consequently, the case remains dormant on the court's docket. The remaining factor, the efficacy of a sanction other than dismissal, is, in this instance, of little utility, since no way exists to communicate any sanction to Jones that would prompt him to move this inactive case forward. Therefore, after weighing the factors noted above, the Court concludes that dismissing this action, due to Jones' failure to prosecute it, is warranted.

## RECOMMENDATION

For the reasons set forth above, I recommend that the instant action be dismissed, pursuant to Fed. R. Civ. P. 41(b).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Lorna G. Schofield, 40 Centre Street, Room 201, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Schofield. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  
      April 3, 2013

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

3